UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOHN O. WILLIAMS,

    Petitioner,

v.                                              Case No. 4:20cv268-WS-HTC

MARK S. INCH,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner, John O. Williams, proceeding *pro se*, filed a document entitled "Motion for Relief in Judgment" which the clerk docketed as a petition under 28 U.S.C. § 2254. ECF Doc. 1. The filing was accompanied by a sworn affidavit, ECF Doc. 2, and both were submitted to prison mail officials on May 13, 2020. The matter was referred to the undersigned Magistrate Judge for preliminary screening under Habeas Rule 4 and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After reviewing the motion, the undersigned recommends that this matter be DISMISSED. Notably, eight (8) of the claims raised in the motion were raised in a prior § 2254 petition, and thus, constitute an impermissible successive petition. Also, while the remaining two (2) claims raised

can properly be brought as a Rule 60(b) motion, such a motion should be filed in Case No. 4:14-cv-629.[1]

## I. BACKGROUND

Williams was convicted in Leon County, Florida, in case number 2007-CF-3046A of lewd and lascivious molestation and attempted lewd and lascivious molestation. ECF Doc. 1 at 2; ECF Doc. 1 at 1 in 4:14-cv-629 (N.D. Fla.). He was sentenced to life imprisonment, suspended after 25 years, on count one and 5 years on count two, running concurrently to count one. In 2014, he filed a habeas petition under 28 U.S.C. § 2254, asserting the following grounds for relief: (1) "The defendant's counsel was ineffective for failing to investigate and call three material witnesses who were known to counsel prior to trial"; (2) "The defendant's counsel was ineffective for failing to object to improper comments made by the State during closing arguments"; (3) "The defendant's [counsel] was ineffective for failing to properly impeach state witness S.O. with statements she made to the police"; (4) "The defendant's counsel was ineffective for failing to properly impeach state witness J.A. with statements she made to the police"; (5) "The defendant's counsel was ineffect[ive] for failing to file a motion for judgment of acquittal, and/or motion

---

[1] *See Standard Oil Co. of California v. United States*, 429 U.S. 17, 19 (1976) (holding that the district court may consider a Rule 60(b) motion without the defendant first having to seek recall from the appellate court).

for new trial on Count 2 when the conviction is based upon legally insufficient evidence and is not supported by the greater weight of the evidence, which prejudiced the defendant"; (6) "Judge Sheffield abused his discretion and denied him procedural due process by failing to make complete and adequate findings of fact and conclusions of law"; and (7) "The cumulative effect of counsel's deficient performance prejudiced the defendant." *Williams v. Florida*, 4:14-cv-629, ECF Doc. 1 (N.D. Fla.). Williams added three new grounds for relief in his reply, which were also considered by the district court: (1) the trial court erred in denying his request for a jury instruction on the lesser included offense of simple battery, (2) the trial court erred in denying his motion for JOA on Count I, because the State failed to introduce competent substantial evidence to establish that he touched S.O. on her buttocks or her breast area in a lewd or lascivious manner, and (3) Petitioner's life sentence imposed on Count I violated his constitutional right to be free from cruel and unusual punishment. *Id.* at ECF Doc. 24, 4:14-cv-629.

The magistrate judge issued a thorough 86-page report and recommendation, recommending denial of relief on the merits as to the first seven grounds raised in the petition and as to the third ground raised in the reply. Additionally, the

magistrate judge found the first and second grounds for relief raised in the reply to be unexhausted and procedurally defaulted. *Id.* at ECF Doc. 25, 4:14-cv-629.

The district court adopted the Report and Recommendation and wrote additionally to address whether the first and second grounds raised in the reply should be stayed, rather than denied, to allow Petitioner to exhaust them in state court. The district judge found that a stay would be futile because those claims were "unfounded on the merits." Thus, the district judge adopted the recommendation that the claims be denied rather than stayed and further denied a certificate of appealability. *Id.* at ECF Doc. 31, 4:14-cv-629. The Eleventh Circuit, in a 24-page order, also denied a certificate of appealability. *Williams v. Florida*, No. 16-15863-G (11th Cir. October 12, 2018). On October 7, 2019, the United States Supreme Court denied certiorari. ECF Doc. 1 at 4.

In the instant motion, Williams challenges the Eleventh Circuit's and district court's rulings on that prior petition.

## II.  DISCUSSION

As stated above, Williams' initial filing is titled a motion for relief from judgment. In the motion, Williams cites Rule 60(b)(1-6), and specifically relies upon Rule 60(b)(6). As Williams correctly notes, Rule 60(b)(6) is a catchall provision that permits reopening of a judgment when the movant shows "any ... reason that justifies relief" other than the more specific circumstances set out in

Rules 60(b)(1)–(5). Fed. R. Civ. P. 60(b)(6). "Relief from judgment under Rule 60(b)(6) ... requires showing extraordinary circumstances justifying the reopening of a final judgment." *Arthur v. Thomas*, 739 F.3d 611, 628 (11th Cir. 2014) (quotation marks omitted).

When a *pro se* petitioner brings a motion under Rule 60(b), the district court may appropriately construe it as a 28 U.S.C. § 2254 habeas petition, and, if applicable, treat it as an unauthorized second or successive petition. *See Williams*, 510 F.3d at 1293–95. Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Therefore, if Williams's filing is construed as a second or successive petition, the district court lacks subject matter jurisdiction on the merits of any claims in the petition. *Williams,* 510 F.3d at 1295.

In *Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005), the Supreme Court provided guidance on how claims in a Rule 60(b) motion should be construed where the petitioner has filed a previous § 2254 petition that has been denied. If the Rule 60(b) motion (1) seeks to add a new claim for relief from the underlying judgment of conviction, or (2) attacks the federal court's previous resolution of a § 2254 claim on the merits, then the court should construe the Rule 60(b) motion as a second or

successive § 2254 petition attacking the conviction and sentence and dismiss it accordingly. *Id.* at 532; *see also Williams*, 510 F.3d at 1293–94. By contrast, when a Rule 60(b) motion attacks some defect in the integrity of the prior federal habeas proceedings, the motion is not a successive § 2254 petition. *Gonzalez*, 545 U.S. at 532–33; *Williams*, 510 F.3d at 1294. Such motions can be ruled on by the district court without the precertification from the court of appeals ordinarily required for a successive § 2254 petition. *Gonzalez*, 545 U.S. at 538.

A "claim," as described by the Court in *Gonzalez*, is "an asserted federal basis for relief from a state court's judgment of conviction." *Id.* at 530. The Supreme Court further explained in *Gonzalez* that:

> The term "on the merits" has multiple usages. We refer here to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. § 2254(a) and (b). When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error— for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.

*Id.* at 532 n.4 (citation omitted).

> **A.    Claims One through Seven And Ten Of The Motion Constitute An Unauthorized Successive Petition**

In his nominal Rule 60(b) motion, Williams simply argues that the district court's ruling on the merits of claims one through seven and ten (which were raised as grounds for relief one through seven of the first § 2254 petition, and ground three

Case No. 4:20cv268-WS-HTC

of the reply) were in error. Williams points to no defect in the integrity of the proceedings on his § 2254 petition; instead, Williams only makes arguments attacking the validity of his conviction. Therefore, these grounds amount to a successive § 2254 petition. *See Gonzalez*, 545 U.S. at 532; *Williams*, 510 F.3d at 1293–94. Because Williams has not obtained a certification from the Eleventh Circuit authorizing this Court to proceed on a successive petition, this Court lacks jurisdiction to address claims one through seven and ten. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (providing that, without an order from the court of appeals authorizing the district court to consider a successive habeas petition, the district courts lack jurisdiction to consider the petition).

> **B.    Claims Eight And Nine Must Be Raised As A Rule 60(b) Motion In Case No. 4:14-cv-629**

However, in claims eight and nine of the instant motion (which were raised as grounds for relief one and two in the reply filed in the prior § 2254 action), Williams argues that the district judge wrongly found the claims unexhausted because "appellate counsel raised the two claims on direct appeal in the First District Court Appeal." ECF Doc. 1 at 23. Since these claims "merely assert that a previous ruling which precluded a merits determination was in error" – i.e., the ruling that he failed to exhaust these two claims – they do not raise habeas corpus claims and do not constitute a successive petition. *See Gonzalez*, 545 U.S. at 532 n.4. Instead, these grounds can properly be brought in a Rule 60(b)(6) motion without precertification

by the Eleventh Circuit. Such a motion, however, must be filed in case 4:14-cv-629, since it is the judgment in that case from which Williams seeks relief.[2]

## III. CONCLUSION

Claims one through seven and ten of the motion are properly construed as a successive petition, and thus, should be dismissed for lack of jurisdiction. Claims eight and nine of the motion raise challenges to the district court's prior ruling and, thus, can be brought as a Rule 60(b) motion, but must be filed in 4:14-cv-629. Thus, this matter should be dismissed.

A court does not err by *sua sponte* dismissing a § 2254 case as long as it gives petitioner notice of its decision and an opportunity to be heard in opposition. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019) (holding that the district court did not err by *sua sponte* dismissing a plainly untimely § 2254 petition where the court provided the petitioner with "adequate notice and an opportunity to respond") (quotation marks omitted).

This Report and Recommendation provides Petitioner an opportunity to file objections and, thus, affords Williams both notice and a reasonable opportunity to respond. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 655 (11th Cir. 2020) (petitioner was "provided ample notice and opportunity to explain why his petition

---

[2] By finding that Williams can raise these two grounds in a Rule 60(b) motion, the undersigned is not making any determination regarding the merits or futility of such a motion.

Case No. 4:20cv268-WS-HTC

was timely in his form petition and again when he was given the opportunity to respond to the magistrate judge's Report and Recommendation that his petition be summarily dismissed as untimely") (citing *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998) (holding that plaintiff "was afforded both notice and a reasonable opportunity to oppose" procedural default when he was given an opportunity to object to the magistrate judge's Report and Recommendation that "placed [him] on notice that procedural default was a potentially dispositive issue")).

### A. An Evidentiary Hearing Is Not Warranted

The undersigned also finds that an evidentiary hearing is not warranted. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Here, because the claims should be denied for purely legal reasons no relevant factual allegations, if true, would entitle Williams to habeas relief, and an evidentiary hearing is not warranted.

### B. Certificate Of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing

required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.  That claims one through seven and claim ten of the motion for relief be construed as a petition under 28 U.S.C. § 2254 and be DISMISSED without an evidentiary hearing as an unauthorized successive petition.

2. That claims eight and nine be construed as a motion under Federal Rule of Civil Procedure 60(b)(6) and be DISMISSED, without prejudice to Petitioner refiling a motion raising those same grounds for relief in case 4:14-cv-629.

3. That a certificate of appealability be DENIED.

4. That the clerk be directed to close the file.

At Pensacola, Florida, this 9th day of June, 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.